RIEKE, Guardian, Etc. v HOGAN et Etc.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17672. Decided June 29, 1940

A. F. Gallagher, Cleveland; Curry & McCabe, Cleveland, for relatrix.

H. S. Brainard, Director of Law, Cleveland; Charles W. White, Asst. Director, Cleveland; Jos. H. Crowley, Asst. Director, Cleveland, for respondents.

## OPINION

By MORGAN, J.

This is an original action in mandamus to compel the Board of Trustees of the Firemen's Relief Fund of Cleveland to award pensions to the two minor children of John Rieke, deceased, formerly a member of the Cleveland Fire Department.

Relatrix is the mother and guardian of the said minor children. Respondents are the members of said Board of Trustees.

The case was heard on the petition, answer and an agreed statement of facts.

John Rieke was appointed a fireman in the Cleveland Fire Department on March 20, 1920, and served continuously until April 20, 1936, when he was suspended for ninety (90) days by the Fire Chief. Rieke was charged with turning in false alarms, intoxication and absence from duty, without leave.

Said period of suspension expired on July 28, 1936 at which time Rieke failed to report for duty and he was again suspended from duty by the Chief of Fire on Oct 16, 1936, for continuous absence from duty for eighty (80) days or from July 28, 1936.

On October 17, 1936, a letter was mailed to Rieke notifying him that a hearing would be held on his suspension before the Director of Public Safety, on October 20, 1936. Rieke did not receive the letter and it was impossible to serve him with notice of the second suspension because he had disappeared

to parts unknown and as it afterwards appeared, had left the State.

On October 29, 1936, Eliot Ness, Director of Public Safety, was absent from the city and a hearing on Rieke's suspension "was had before John R. Flynn, Executive Assistant to the Director of Public Safety, and duly designated as Acting Director of Public Safety."

A transcript of the testimony at such hearing is made a part of the agreed statement of facts. Following the hearing on October 21, 1936, the acting director notified Rieke in writing as follows:

"By your failure to appear for trial, it is my opinion that you, by your conduct, separated yourself from the service of the Cleveland Fire Department. That such conduct means that you have resigned and your resignation is accepted effective as of October 20, 1936."

The notice to Rieke was signed by "J. R. Flynn, Assistant Director of Public Safety".

James E. Granger, Chief of the Division of Fire, and the members of the Civil Service Commission of Cleveland were also duly notified by Mr. Flynn of the action taken in Rieke's case.

Rieke died in the State of Washington on April 10, 1938, as a result of an automobile accident. Relatrix was thereafter duly appointed Guardian of the two minor children of herself and Rieke and as such guardian made an application to respondents on May 31, 1939 that her wards be made beneficiaries of the Firemen's Relief and Pension Fund.

On November 27, 1939, said application of the Relatrix was denied by the Respondents.

The suspension of a member of the Fire Department and the hearing following such suspension, are provided for in Section 119 of the Charter of the City of Cleveland which is as follows:

"Section 119:—The chief of police and fire chief shall have the exclusive right to suspend any of the officers or employees who may be under their respective management and control. for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given by the proper authority, or for any other just and reasonable cause. If any officer or employe be suspended, as herein provided, the chief concerned shall forthwith, in writing, certify the fact, together with the cause for the suspension, to the director of the department to whom he may be responsible, or if there be no such director then to the mayor, who within five days from the receipt of such certificate shall proceed to inquire into the cause of the suspension and render judgment thereon, which judgment, if the charge be sustained, may be suspension. reduction in rank, or dismissal and such judgment shall be final, except as otherwise hereinafter provided. The director, in any such investigation, shall have the same power to administer oaths and secure the attendance of witnesses and the production of books and papers, as is conferred upon the mayor, or the council or a committee thereof by this charter."

The rules of the Trustees of the Firemen's Relief and Pension Fund in the City of Cleveland, so far as pertinent to the issues in this case are as follows:

"Section 29: Members who have resigned or who have been discharged from the Division of Fire, shall have no interest or claim on the Firemen's Pension Fund, except as otherwise provided by those rules and by-laws."

"Section 23: If any member of the Division of Fire shall be killed or die from any cause, while a member of the Division of Fire, or while retired, and shall leave * * * minor child or children, as herein defined, under eighteen years of age, * * * such * * * minor child or children * * * shall be placed upon the Firemen's Pension Roll and receive the following amounts monthly, viz.: * * * to the guardian of such minor child or children, Thirty Dollars ($30).

for each child until he or she shall arrive at the age of eighteen years. * * * ."

"Section 24: Any member of the Division of Fire who has served fifteen years and is discharged for any offense other than conviction of a felony, habitual intoxication or wilful absence from duty as hereinafter defined, shall be placed upon the Firemen's Pension Roll and receive a rate of pension equal to six-sixteenths of his salary at the time of his discharge. In the event of such discharged member after his death leaving a * * * child or children under the age of eighteen years * * * they shall receive the amounts provided for in Section 23 of these rules and by-laws, for widows, minor children * * *.

"For the purpose of this section, the following definitions shall rule:

* * * * *

3. Wilful absence from duty shall mean absence without leave for a period exceeding thirty days, in any one calendar year.

The Board of Trustees may, at its discretion, waive any of the three exceptions hereinabove set forth and place said applicant on the Firemen's Pension Roll."

Relatrix contends that under Section 119 of the City Charter, after the Chief of Fire has suspended a member of the Fire Department and has made the proper certification to the Director of Public Safety, only the Director of Public Safety himself is authorized by §119 of the Charter to inquire into the cause of the suspension and to render judgment thereon. That therefore, the inquiry and judgment rendered in this case by John R. Flynn, "Acting Director of Public Safety" were without validity as a matter of law.

We agree with the Relatrix on this contention. We have been referred to no provision in the City Charter which creates the position of "Executive Assistant to the Director of Public Safety" or "Acting Director of Public Safety."

Section 119 of the Charter is not ambiguous and requires that on the certification of the suspension of a member of the Fire Department the Director of Public Safety, or if there be no Director, then the Mayor, within five days from the receipt of the certificate "shall proceed to inquire into the cause of the suspension and render judgment thereon."

This is a delegation of a quasi-judicial duty on, in this case, the Director of Public Safety, and in the absence of a specific charter provision, cannot be assigned by the Director of Public Safety to any assistant.

In State ex rel v Kohler, 11 N. P. (N. S.) 497, the common pleas court of Cuyahoga County held that the trial of a suspended police officer could not be assigned to the Chief of Police. As his reason for this holding, the court said on page 501:

"This power is fully given by the legislature to the Director of Public Safety. This power being one of a quasi-judicial nature, and requiring, in its exercise, discretion and judgment, I think it will not be seriously contended that he can confer it on another."

In 2 McQuellin's on Municipal Corporations, §589, p. 364, dealing with suspension and discharge, it is said:

"The hearing must be before the officer, board, commission or tribunal vested with jurisdiction to act. * * * So proceedings for the removal of police officers cannot be tried by a deputy police commissioner and the conviction rendered by the commissioner."

If the Relatrix is to prevail in this case she must prevail under either rule 23 or rule 24 of the Respondents set forth above. We think it clear that no relief can be given under rule 24 in this case.

If the action of J. R. Flynn, Acting Director of Public Safety on October 21, 1936, is to be considered a valid discharge of Rieke, as a member of the

**314**

Cleveland Fire Department, then Rule 24 does not aid the Relatrix in this case because Rieke's discharge was due to his wilful absence from duty for more than thirty consecutive days. If Flynn was not authorized by the charter to act for the Director of Public Safety in conducting the hearing and in rendering judgment in Rieke's case, then there was no discharge of Rieke and rule 24 has no application to the case.

Relatrix must rely on rule 23 of the Respondents which provides that if any member of the Division of Fire shall die while a member of the department, or while retired, his minor children shall be placed on the Firemen's Pension Roll. It is conceded that Rieke was not "retired" when he died. The question then remains, was he at that time a "member" of the department? Upon the answer to this question hinges the result of this case.

Respondents contend that even if the action of Flynn Acting Director of Public Safety, in accepting Rieke's resignation implied from his conduct, was not valid, Rieke, under the facts in this case, abandoned his position in the department and for that reason was not a member of the department at his death.

That any one employed in ██ or holding a public office can abandon such office is abundantly sustained by authority.

22 R. C. L. 560:

"A public office may be abandoned and become vacant by non-use. * * * In order to constitute an abandonment of office, it must be total, and under such circumstances as to indicate an absolute relinquishment."

46 Corpus Juris 981:

"The abandonment of a public office may result from an acquiescence by the officer of his wrongful removal or discharge."

It is usually considered clear evidence of abandonment of an office when the officer leaves the jurisdiction and is away from his duties for an extended period.

22 R. C. L. 560:

"The abandonment may be shown by the action of the officer in leaving the State."

Attorney General v Maybury, 141 Michigan 31. This was a quo warranto proceeding brought by the Attorney General of Michigan on the relation of one Moreland against respondent Maybury to decide his right and title to the office of Commissioner of Public Works of Detroit. Respondent answered that the Relator had been removed from office by the Detroit City Council and had abandoned his office by departing from the State. The court found that the action of the City Council in removing the Relator from office was irregular and void.

The evidence showed that the Relator left the State and remained away seventeen months. He then returned and made claim for the office. The court on page 515, said:

"The intention to abandon the office may be inferred from the conduct of the party. If his acts and statements are such as clearly indicate absolute relinquishment, a vacancy will thereby be created and no judicial determination is necessary."

In Schofield v U. S. 174 Federal (6th Cir. Ct. of App.) a Trustee in Bankruptcy embezzled assets and absconded. The court said:

"His conduct amounted to an abandonment of his office; and in such a case there is no requirement that a hearing be had or notice given. The abandonment ipso facto vacated the office and a new Trustee may be appointed."

Steingruber v San Antonio, Texas, 220 S. W. 17. This was an action by

the plaintiff to recover salary due him as Park Commissioner of San Antonio for a period subsequent to his wrongful removal from the office to the expiration of his term. It was conceded that his attempted removal was invalid and all the defenses except that of abandonment of his office were resolved against the defendant.

The court found that the plaintiff had abandonded his office and said, on page 78:

"Abandonment implies non-user, but non-user does not of itself constitute abandonment. The failure to perform the duties pertaining to the office must be with actual or imputed intention on the part of the officer to abandon and relinquish the office. The intention may be inferred from the acts and conduct of the party and is a question of fact. Abandonment may result from an acquiescence by the officer in his wrongful removal or discharge."

In Selby v Portland, 14 Ore. 243, the court said on page 246:

"I presume instances have occurred in which officers have abandoned their offices, but they have been so rare that it requires cogent proof to establish them as matters of fact. An officer, doubtless, might legally abandon his office when wrongfully ousted therefrom; his permanent removal from the territorial jurisdiction of the office would necessarily have that effect."

Rieke was first suspended on April 20, 1936 for ninety days. When the period of his suspension expired he did not report for duty. He never afterwards, until his death on April 10, 1938, in the State of Washington,—nearly two years after he was first suspended,—made any attempt to resume his duties or to retain his position in the Cleveland Fire Department. Stronger evidence of abandonment of a public position could hardly be secured.

Respondents, in the exercise of their discretion, denied the claim of Relatrix. They will be presumed to have taken that view of the facts which would sustain their decision. The facts as shown by the pleadings and the agreed statement of facts in this case do not furnish sufficient grounds to justify this court to issue an order compelling respondents to reverse their decision and to award pensions to the wards of Relatrix.

It is unfortunate that these children who are guiltless of any offense should be made to suffer by their father's conduct. If we could find, on the facts in this case, that the father was a member of the Cleveland Fire Department when he died we would be highly pleased to issue the order asked for by the Relatrix. Being unable to so find, we are compelled to deny the writ.

LIEGHLEY, J., concurs.
TERRELL, PJ., dissents.